UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES E. WILSON,

       Petitioner,

v.                                        Case No. 08-10620
                                        Honorable George Caram Steeh

NICK LUDWICK,

       Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

I.

Before the Court is Petitioner Charles E. Wilson's motion requesting that this Court hold his habeas-corpus petition in abeyance until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. (Dkt. # 9.) Petitioner, currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus on February 12, 2008. (Dkt. # 1.) Petitioner was convicted, following a bench trial in the Wayne County, Michigan, Circuit Court, for (1) second-degree murder, MICH. COMP. LAWS § 750.317, and (2) felony firearm, MICH. COMP. LAWS § 750.227b. In his motion, Petitioner claims that he has new evidence regarding the following issues: (1) that the prosecutor failed to prove that he aided and abetted in the homicide and, (2) that the trial court lacked impartiality. Petitioner therefore would like to return to state court to exhaust those issues with the new evidence obtained. For the reasons set forth below, the Court **GRANTS** Petitioner's

petition and therefore shall hold the petition in abeyance so that he may return to state court to exhaust those claims with his new evidence.

## II.

Following a bench trial in Wayne County, Michigan, Circuit Court, the Honorable Vera Massey Jones presiding, Petitioner was convicted of the above-stated crimes and was sentenced to twenty to forty years imprisonment for the second-degree-murder conviction and the mandatory two-year imprisonment for the felony-firearm conviction.

Petitioner, through counsel, filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. The prosecutor failed to prove that [Petitioner] aided and abetted in the homicide regardless if he fired at the victim's vehicle or did fire at the victim's vehicle.
>
> II. The trial court took over the role of the prosecution by making objections to testimony, leading the witnesses and by repeating the same questions over and over, which indicates a lack of impartiality by the judge.

On April 26, 2007, the Michigan Court of Appeals, in an unpublished *per curiam* opinion, affirmed Petitioner's conviction and sentence. *People v. Charles E. Wilson*, No. 268808, 2007 WL 1227471 (Mich.App.Ct. April 26, 2007).

Subsequently, Petitioner filed an application for leave to appeal from that decision in the Michigan Supreme Court, which was denied on September 10, 2007. *People v. Charles E. Wilson*, 480 Mich. 860, 737 N.W.2d 708 (2007). Petitioner has not filed any state court motions. Rather, following, Petitioner filed the present petition for a writ of habeas corpus.

## III.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right

to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* M.C.R. 6.508(D)(3). However, he would have to make a similar showing here, if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's

unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

In this case, Petitioner has shown the need for a stay. It appears from Petitioner's pleadings that he has new evidence regarding his claims and therefore those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims, with the new evidence obtained, have merit. The Court recognizes that the one-year limitations period applicable to this habeas action does not pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Nevertheless, the Court finds that Petitioner would be better served if he perfected his petition through all avenues before seeking this Court's assistance, and thus finds a stay appropriate.

Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

Thus, the Court shall hold the petition in abeyance until Petitioner has exhausted available state court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *Id*. Petitioner must present his claim in state court within sixty (60) days from the date of this Order. *Id.* Further, he must ask this Court to lift the stay within sixty (60)days of exhausting his state court remedies. *Id.* "If the conditions of the stay are not met, the
stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

IV.

Accordingly, **IT IS ORDERED** that further proceedings in this case are held in abeyance pending exhaustion of state court remedies. The case shall be held in abeyance provided that (I) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Dated: October 6, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 6, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk